## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DISRUPTIVE RESOURCES, LLC,

                Plaintiff,

      v.

BALLISTIC BARRIER PRODUCTS INC.
and MAYDAY SECURITY SOLUTIONS
LLC,

             Defendants.

Case No. _____

**JURY TRIAL DEMANDED**

## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Disruptive Resources, LLC for its complaint against Defendants Ballistic Barrier

Products Inc. and Mayday Security Solutions LLC alleges as follows:

## INTRODUCTORY STATEMENT

1.  Every day, throughout the United States, Americans are the victims of gun shootings in

what are supposed to be their safest spaces, such as their homes, their schools, their places of

worship, and their businesses.

2.  Some of these victims are from guns being shot into a home or other building through the

windows, either deliberately or by a stray bullet, as windows present some of the most

vulnerable points of a home or building for projectiles.

3.  Meanwhile, facing an epidemic of gun violence, Americans are looking to secure their

homes, businesses, schools, and places of worship to prevent against injuries or fatalities due to

unintentional or intentional shootings into the building.

4.  Window blinds, such as venetian blinds and vertical blinds, are popular window treatments in residential and commercial applications because of their ability to selectively vary the amount of light passing through a window, glass door, skylight, or the like, through the use of vanes, louvers or slats.

5.  However, traditional window blinds provide virtually no protection to building occupants from projectiles being shot into the building through the windows.

6.  Conventional anti-ballistic systems used in residential and commercial applications such as armored doors and windows are usually made of metal or a material containing at least one metal plate, and thus having an extremely high weight and have undesirable aesthetics for general usage.  Alternative lighter weight products are bulky, thick, and stiff and aesthetically not attractive.

7.  With an extensive background in security including physical security solutions, Mr. John B. Adrain, the founder and majority owner of Plaintiff Disruptive Resources, LLC, ("DR") developed a new bullet proof barrier for covering windows, doors, hallways, and other openings in residential and commercial applications that provide substantial protection against incoming projectiles while conforming to the aesthetic desires of homeowners and businesses.

8.  Mr. Adrain has been granted multiple patents for his new and innovative bullet proof barrier technology, which have been assigned to DR to develop and commercialize his innovative bullet proof barrier technology, which recognized the surprising effect that barriers that were permitted to flex and move in response to interacting with a ballistic projectile were actually more effective in stopping such a projectile.

9.  Through Mr. Adrain's work, DR owns patents directed at practical and light-weight

ballistic window blinds and other ballistic barriers to protect homes and office buildings and the people using them from the effects of ballistic projectiles such as penetration through windows, doors, hallways, and walls, for example.

10. DR created a new category of security products for homes, offices, places of worship, and schools that have, in turn, made practical and effective ballistic protection possible for any building or vehicle.

11. DR now seeks to stop the violation of its patent rights by direct competitors and infringers of its technology and seek compensation for the unauthorized use of its patents.

## **THE PARTIES**

12. Disruptive Resources, LLC ("DR") is a company organized and existing under the laws of the State of Wyoming.

13. On information and belief, Ballistic Barrier Products Inc ("BBP") is a corporation organized and existing under the laws of Delaware with a registered agent Harvard Business Services at 16192 Coastal Hwy, Lewes DE, 19958; and having a manufacturing facility at: 108 Ashe Street, Johnson City, TN 37604.

14. On information and belief, Mayday Security Solutions ("Mayday") is a limited liability company organized and existing under the laws of Delaware with a registered agent Harvard Business Services at 16192 Coastal Hwy, Lewes DE, 19958; and having a contact address at 3 2113 Middle Street, #309, Sullivans Island, SC 29482.

15. On information and belief, BBP is a domestic corporation of Delaware.

16. On information and belief, Mayday is a domestic Limited Liability Company of Delaware.

**JURISDICTION AND VENUE**

17. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271, relating specifically to U.S. Patent Nos. 10,473,437, 11,561,070, 11,566,872, 11,828,574, 11,828,575, 11,879,707, and 11,920,905 (the "Patents").  This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

18. This Court has personal jurisdiction over BBP and Mayday, as BBP is a registered domestic corporation formed under the laws of Delaware and Mayday registered domestic limited liability company formed under the laws of Delaware.  BBP and Mayday have made, used, offered to sell, sold, installed, and/or imported into the United States, including to customers located within Delaware, the Accused Products.  BBP and Mayday have sought the protection and benefit from the laws of Delaware as domestic businesses formed under the laws of Delaware and by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in Delaware.

19. This Court has personal jurisdiction over BBP and Mayday because, on information and belief, BBP and Mayday have a registered agent in this District, regularly engage in business in this District, regularly solicit business in this District, and derive substantial revenue from goods sold and used in this District, including offers for sale to persons in this District, and through the internet-based sales and offers for sale that are directed to, and accessible by, persons in this District including through www.ballistic-barrier.com, the website for BBP, and maydaysafe.com, the website for Mayday.

20. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

## FACTUAL BACKGROUND

21. DR is the assignee of, owns all right, title and interest in, and has standing to sue for infringement of, United States Patent No. 10,473,437 directed to "Bullet Proof Blinds" which was filed on September 3, 2014, and issued on November 12, 2019 with a reexamination certificate granted on August 28, 2023 (the "'437 Patent").  A true and correct copy of the '437 Patent is attached as Exhibit C.  The sole inventor of the '437 Patent is John B. Adrain.

22. DR is the assignee of, owns all right, title and interest in, and has standing to sue for infringement of, United States Patent No. 11,561,070 directed to "Bullet Proof Barriers" which was filed on August 28, 2020, and issued on January 24, 2023 (the "'070 Patent").  A true and correct copy of the '070 Patent is attached as Exhibit D.  The sole inventor of the '070 Patent is John B. Adrain.

23. DR is the assignee of, owns all right, title and interest in, and has standing to sue for infringement of, United States Patent No. 11,566,872 directed to "Bullet Proof Barriers" which was filed on July 12, 2022, and issued on January 31, 2023 (the "'872 Patent").  A true and correct copy of the '872 Patent is attached as Exhibit E.  The sole inventor of the '872 Patent is John B. Adrain.

24. DR is the assignee of, owns all right, title and interest in, and has standing to sue for infringement of, United States Patent No. 11,828,574 directed to "Bullet Proof Barriers" which was filed on July 12, 2022, and issued on November 28, 2023 (the "'574 Patent").  A true and correct copy of the '574 Patent is attached as Exhibit F.  The sole inventor of the '574 Patent is John B. Adrain.

25. DR is the assignee of, owns all right, title and interest in, and has standing to sue for infringement of, United States Patent No. 11,828,575 directed to "Bullet Proof Barriers" which

was filed on September 2, 2022, and issued on November 28, 2023 (the "'575 Patent").  A true and correct copy of the '575 Patent is attached as Exhibit G. The sole inventor of the '575 Patent is John B. Adrain.

26. DR is the assignee of, owns all right, title and interest in, and has standing to sue for, infringement of United States Patent No. 11,879,707 directed to "Bullet Proof Barriers" which was filed on May 26, 2023, and issued on January 23, 2024 (the "'707 Patent").  A true and correct copy of the '707 Patent is attached as Exhibit H.  The sole inventor of the '707 Patent is John B. Adrain.

27. DR is the assignee of, owns all right, title and interest in, and has standing to sue for, infringement of United States Patent No. 11,920,905 directed to "Bullet Proof Barriers Anti-Ballistic Laminate Manufacturing Method & Products" which was filed on August 15, 2022, and issued on March 5, 2024 (the "'905 Patent").  A true and correct copy of the '707 Patent is attached as Exhibit I.  The inventors of the '905 Patent are John B. Adrain and Robert F. Bodi.

28. BBP and Mayday are infringing the Patents directly, jointly, by inducement, and/or by contributing, by, without authority, making, using, installing, selling, or offering for sale in the United States, and/or inducing another to do the same, including in this District, Accused Products including the products as shown in Exhibit B, which include ballistic protective blinds and barriers as described and claimed in the Patents.

29. On information and belief, the Accused Products are available, and are being installed, offered for sale, sold, and inducted to infringe, at least, to individuals within this District, including via e-commerce within this District, including through www.ballistic-barrier.com, the website for BBP, and maydaysafe.com, the website for Mayday.

30. Upon information and belief, BBP is manufacturing the Accused Products for both sale

by BBP and for selling such products to Mayday for sale to the public.

31. Upon information and belief, BBP is manufacturing a multi-layer flexible anti-ballistic laminate comprising a plurality of individual sheets of material sewed together as layer for use in manufacturing the Accused Products,

32. On March 29, 2021, DR executed a Technology Agreement with Astra Veda Corporation (a corporation organized under the laws of Wyoming), for the purpose of licensing the to-be-formed BBP as a co-investment affiliate of Astra Veda to make and sell various products disclosed and claimed in the Patents.

33. The Technology Agreement was at least partly brokered using the services of Andy Finch, the president of RMI consulting, engaged as a consultant by John B. Adrain.  As such, Andy Finch was made fully aware of the patent portfolio now held by DR.

34. On information and belief, on or about May 5, 2021, BBP was formed under the laws of Delaware, and its foundational documents were filed in the State of Delaware, with Andy Finch having an ownership share of BBP and with Andy Finch being named a partner of BBP and currently working for BBP in marketing the Accused Products.

35. As such, BBP had actual notice of its infringing conduct at least as early as when Andy Finch became a partner of BBP, and when BBP first made, tested, and/or sold any of the Accused Products.

36. On September 1, 2021, Astra Veda claimed that it was terminating the Technology Agreement along with its co-investment affiliate BBP.

37. On May 24, 2022, Astra Veda and BBP jointly filed a Complaint against DR in the Maricopa County Superior Court of Arizona (the "Arizona State Court Case") seeking a judicial declaration that the Technology Agreement between the parties has been terminated, and

admitting in the complaint that BBP was formed to develop the technology licensed under the Technology Agreement and manufacture products licensed by the Technology Agreement.

38. As such, BBP furthermore had actual notice of its infringing conduct no later than May 24, 2022, or when BBP first made, tested, and/or sold any of the Accused Products subsequent to that date.

39. Based on statements and allegations made by BBP in the Complaint against DR in the Arizona State Court Case, as well as subsequent statements made by BBP during the course of the Arizona State Court Case, BBP has no lawful license to practice or otherwise use the Patents.

40. With knowledge of the Patents and its infringing conduct, based on at least knowledge of its partner Andy Finch and of the Technology Agreement and the May 24, 2022 Complaint filed in the Maricopa County Superior Court of Arizona, and also as of the date of this Complaint going forward, BBP continues to willfully infringe the Patents—directly and/or by inducement and/or contributorily—by making, using, selling, installing, instructing others and/or offering to sell the Accused Products.

41. At least as of the date of this Complaint going forward, Mayday continues to willfully infringe the Patents—directly and/or by inducement and/or contributorily—by making, purchasing, installing, using, selling, instructing others and/or offering to sell the Accused Products.

42. DR has suffered and will continue to suffer damages from the acts of infringement by BBP and Mayday complained of herein.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 10,473,437

43. DR realleges and incorporates by reference, as if fully set forth herein, the allegations in

paragraphs 1-42, above.

44.  BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 24 of the '437 Patent, literally or by the doctrine of equivalents, by making, using, selling, installing, and/or offering to sell the Accused Products shown in Exhibit B as mapped to Claim 24 in Table 1 of Exhibit A.  BBP and Mayday will continue to infringe at least Claim 24 of the '437 Patent unless enjoined by this Court.

45. BBP and Mayday have induced infringed—either individually and/or jointly—and are still inducing infringing, at least Claim 24 of the '437 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using, and/or offering to sell the Accused Products and/or instructing others to do so.  BBP and Mayday will continue to induce infringement of at least Claim 24 of the '437 Patent unless enjoined by this Court.

46. BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 24 of the '437 Patent, literally or by the doctrine of equivalents, by using, making, selling, installing, and/or offering to sell the Accused Products. BBP and Mayday will continue to contributorily infringe at least Claim 24 of the '437 Patent unless enjoined by this Court.

47. Table 1 of Exhibit A maps the limitations of claim 24 to at least a subset of the Accused Products shown in Exhibit B that infringe claim 24 of the '437 Patent.

48. With knowledge of the '437 Patent, as described above, BBP and Mayday have induced others, including the customers of BBP and/or Mayday to directly infringe at least Claim 24 of the '437 Patent by, for example, installing and/or using any of the Accused Products identified in Table 1, and/or providing technical support for doing the same.

49. On information and belief, BBP and Mayday do so with knowledge, or with willful

blindness of the fact, that the induced acts constitute infringement of at least Claim 24 of the '437 Patent.  BBP and Mayday intend to cause infringement by its customers.

50. To the extent any limitation of Claim 24 of the '437 Patent is not present in the Accused Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '437 Patent, as described above, BBP and Mayday have contributorily infringed at least Claim 24 of the '437 Patent through the using, making, selling, installing, and/or offering to sell any of the Accused Products identified in Table 1.  There is no substantial non-infringing use of any of the Accused Products identified in Table 1.

51. The Accused Products as identified in Table 1 are specifically designed and/or created by BBP and/or Mayday to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

52. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 24 of the '437 Patent.

53. BBP and Mayday will continue to infringe the '437 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP and Mayday.

54. The acts of infringement by BBP and Mayday have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

55. DR is entitled to recover damages adequate to compensate for the infringement of the

'437 Patent by BBP and Mayday, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

56. The infringement of the '437 Patent by BBP and Mayday is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 11,561,070

57. DR realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-56, above.

58.  BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '070 Patent, literally or by the doctrine of equivalents, by making, using, selling, installing, and/or offering to sell the Accused Products shown in Exhibit B as mapped to Claim 1 in Table 2 of Exhibit A. BBP and Mayday will continue to infringe at least Claim 1 of the '070 Patent unless enjoined by this Court.

59. BBP and Mayday have induced infringed—either individually and/or jointly—and are still inducing infringing, at least Claim 1 of the '070 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using, and/or offering to sell the Accused Products and/or instructing others to do so.  BBP and Mayday will continue to induce infringement of at least Claim 1 of the '070 Patent unless enjoined by this Court.

60. BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '070 Patent, literally or by the doctrine of

equivalents, by using, making, selling, installing, and/or offering to sell the Accused Products. BBP and Mayday will continue to contributorily infringe at least Claim 1 of the 'O70 Patent unless enjoined by this Court.

61. Table 2 of Exhibit A maps the limitations of Claim 1 to at least a subset of the Accused Products shown in Exhibit B that infringe Claim 1 of the '070 Patent.

62. With knowledge of the '070 Patent, as described above, BBP and Mayday have induced others, including the customers of BBP and/or Mayday to directly infringe at least Claim 1 of the 'O70 Patent by, for example, installing and/or using any of the Accused Products identified in Table 2, and/or providing technical support for doing the same.

63. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '070 Patent.  BBP and Mayday intend to cause infringement by its customers.

64. To the extent any limitation of Claim 1 of the '070 Patent is not present in the Accused Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '070 Patent, as described above, BBP and Mayday have contributorily infringed at least Claim 1 of the '070 Patent through the using, making, selling and/or offering to sell any of the Accused Products identified in Table 2.  There is no substantial non-infringing use of any of the Accused Products identified in Table 2.

65. The Accused Products as identified in Table 2 are specifically designed and/or created by BBP and/or Mayday to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

66. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '070

Patent.

67. BBP and Mayday will continue to infringe the '070 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP and Mayday.

68. The acts of infringement by BBP and Mayday have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

69. DR is entitled to recover damages adequate to compensate for the infringement of the '070 Patent by BBP and Mayday, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

70. The infringement of the '070 Patent by BBP and Mayday is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 11,566,872

71. DR realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-70, above.

72. BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '872 Patent, literally or by the doctrine of

equivalents, by making, using, selling, installing, and/or offering to sell the Accused Products shown in Exhibit B as mapped to Claim 1 in Table 3 of Exhibit A. BBP and Mayday will continue to infringe at least Claim 1 of the '872 Patent unless enjoined by this Court.

73. BBP and Mayday have induced infringed—either individually and/or jointly—and are still inducing infringing, at least Claim 1 of the '872 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using, and/or offering to sell the Accused Products and/or instructing others to do so.  BBP and Mayday will continue to induce infringement of at least Claim 1 of the '872 Patent unless enjoined by this Court.

74. BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '872 Patent, literally or by the doctrine of equivalents, by using, making, selling, installing, and/or offering to sell the Accused Products. BBP and Mayday will continue to contributorily infringe at least Claim 1 of the '872 Patent unless enjoined by this Court.

75. Table 3 of Exhibit A maps the limitations of Claim 1 to at least a subset of the Accused Products shown in Exhibit B that infringe Claim 1 of the '872 Patent.

76. With knowledge of the '872 Patent, as described above, BBP and Mayday have induced others, including the customers of BBP and/or Mayday to directly infringe at least Claim 1 of the '872 Patent by, for example, installing and/or using any of the Accused Products identified in Table 3, and/or providing technical support for doing the same.

77. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '872 Patent.  BBP and Mayday intend to cause infringement by its customers.

78. To the extent any limitation of Claim 1 of the '872 Patent is not present in the Accused

Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '872 Patent, as described above, BBP and Mayday have contributorily infringed at least Claim 1 of the '872 Patent through the using, making, selling and/or offering to sell any of the Accused Products identified in Table 3.  There is no substantial non-infringing use of any of the Accused Products identified in Table 3.

79. The Accused Products as identified in Table 3 are specifically designed and/or created by BBP and/or Mayday to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

80. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '872 Patent.

81. BBP and Mayday will continue to infringe the '872 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP and Mayday.

82. The acts of infringement by BBP and Mayday have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

83. DR is entitled to recover damages adequate to compensate for the infringement of the '872 Patent by BBP and Mayday, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees,

and other such relief this Court deems proper.

84. The infringement of the '872 Patent by BBP and Mayday is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 11,828,574

85. DR realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-84, above.

86.  BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claims 1 and 19 of the '574 Patent, literally or by the doctrine of equivalents, by making, using, selling, installing, and/or offering to sell the Accused Products shown in Exhibit B as mapped to Claims 1 and 19 in Table 4 of Exhibit A. BBP and Mayday will continue to infringe at least Claim 1 of the '574 Patent unless enjoined by this Court.

87. BBP and Mayday have induced infringed—either individually and/or jointly—and are still inducing infringing, at least Claims 1 and 19 of the '574 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using, and/or offering to sell the Accused Products and/or instructing others to do so.  BBP and Mayday will continue to induce infringement of at least Claims 1 and 19 of the '574 Patent unless enjoined by this Court.

88. BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claims 1 and 19 of the '574 Patent, literally or by the doctrine of equivalents, by using, making, selling, installing, and/or offering to sell the Accused Products. BBP and Mayday will continue to contributorily infringe at least Claim 1 of the '574 Patent unless enjoined by this Court.

89. Table 4 of Exhibit A maps the limitations of Claims 1 and 19 to at least a subset of the Accused Products shown in Exhibit B that infringe Claims 1 and 19 of the '574 Patent.

90. With knowledge of the '574 Patent, as described above, BBP and Mayday have induced others, including the customers of BBP and/or Mayday to directly infringe at least Claims 1 and 19 of the '574 Patent by, for example, installing and/or using any of the Accused Products identified in Table 4, and/or providing technical support for doing the same.

91. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claims 1 and 19 of the '574 Patent.  BBP and Mayday intend to cause infringement by its customers.

92. To the extent any limitation of Claims 1 and 19 of the '574 Patent is not present in the Accused Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '574 Patent, as described above, BBP and Mayday have contributorily infringed at least Claims 1 and 19 of the '574 Patent through the using, making, selling and/or offering to sell any of the Accused Products identified in Table 4.  There is no substantial non-infringing use of any of the Accused Products identified in Table 4.

93. The Accused Products as identified in Table 4 are specifically designed and/or created by BBP and/or Mayday to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

94. On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '574 Patent.

95. BBP and Mayday will continue to infringe the '574 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP and Mayday.

96. The acts of infringement by BBP and Mayday have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

97. DR is entitled to recover damages adequate to compensate for the infringement of the '574 Patent by BBP and Mayday, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

98. The infringement of the '574 Patent by BBP and Mayday is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 11,828,575

99. DR realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-98, above.

100.      BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '575 Patent, literally or by the doctrine of equivalents, by making, using, selling, installing, and/or offering to sell the Accused Products shown in Exhibit B as mapped to Claim 1 in Table 5 of Exhibit A. BBP and Mayday will continue to infringe at least Claim 1 of the '575 Patent unless enjoined by this Court.

101.     BBP and Mayday have induced infringed—either individually and/or jointly—and are still inducing infringing, at least Claim 1 of the '575 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using, and/or offering to sell the Accused Products and/or instructing others to do so.  BBP and Mayday will continue to induce infringement of at least Claim 1 of the '575 Patent unless enjoined by this Court.

102.     BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '575 Patent, literally or by the doctrine of equivalents, by using, making, selling, installing, and/or offering to sell the Accused Products. BBP and Mayday will continue to contributorily infringe at least Claim 1 of the '575 Patent unless enjoined by this Court.

103.     Table 5 of Exhibit A maps the limitations of Claim 1 to at least a subset of the Accused Products shown in Exhibit B that infringe Claim 1 of the '575 Patent.

104.     With knowledge of the '575 Patent, as described above, BBP and Mayday have induced others, including the customers of BBP and/or Mayday to directly infringe at least Claim 1 of the '575 Patent by, for example, installing and/or using any of the Accused Products identified in Table 5, and/or providing technical support for doing the same.

105.     On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '575 Patent.  BBP and Mayday intend to cause infringement by its customers.

106.     To the extent any limitation of Claim 1 of the '575 Patent is not present in the Accused Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '575 Patent, as described above, BBP and Mayday have contributorily infringed at least Claim 1 of the '575 Patent through the using, making, selling and/or offering to

sell any of the Accused Products identified in Table 5. There is no substantial non-infringing use of any of the Accused Products identified in Table 5.

107.    The Accused Products as identified in Table 5 are specifically designed and/or created by BBP and/or Mayday to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

108.    On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '575 Patent.

109.    BBP and Mayday will continue to infringe the '575 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP and Mayday.

110.    The acts of infringement by BBP and Mayday have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

111.     DR is entitled to recover damages adequate to compensate for the infringement of the '575 Patent by BBP and Mayday, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

112.    The infringement of the '575 Patent by BBP and Mayday is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284. Further, this is an exceptional case supporting

an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

## COUNT VI

## INFRINGEMENT OF U.S. PATENT NO. 11,879,707

113.      DR realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-112, above.

114.      BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '707 Patent, literally or by the doctrine of equivalents, by making, using, selling, installing, and/or offering to sell the Accused Products shown in Exhibit B as mapped to Claim 1 in Table 6 of Exhibit A. BBP and Mayday will continue to infringe at least Claim 1 of the '707 Patent unless enjoined by this Court.

115.   BBP and Mayday have induced infringed—either individually and/or jointly—and are still inducing infringing, at least Claim 1 of the '707 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using, and/or offering to sell the Accused Products and/or instructing others to do so.  BBP and Mayday will continue to induce infringement of at least Claim 1 of the '707 Patent unless enjoined by this Court.

116.   BBP and Mayday have directly infringed—either individually and/or jointly—and are still directly infringing, at least Claim 1 of the '707 Patent, literally or by the doctrine of equivalents, by using, making, selling, installing, and/or offering to sell the Accused Products. BBP and Mayday will continue to contributorily infringe at least Claim 1 of the '707 Patent unless enjoined by this Court.

117.   Table 6 of Exhibit A maps the limitations of Claim 1 to at least a subset of the Accused Products shown in Exhibit B that infringe Claim 1 of the '707 Patent.

118.   With knowledge of the '707 Patent, as described above, BBP and Mayday have

induced others, including the customers of BBP and/or Mayday to directly infringe at least Claim 1 of the '707 Patent by, for example, installing and/or using any of the Accused Products identified in Table 6, and/or providing technical support for doing the same.

119.   On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '707 Patent.  BBP and Mayday intend to cause infringement by its customers.

120.   To the extent any limitation of Claim 1 of the '707 Patent is not present in the Accused Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '707 Patent, as described above, BBP and Mayday have contributorily infringed at least Claim 1 of the '707 Patent through the using, making, selling and/or offering to sell any of the Accused Products identified in Table 6.  There is no substantial non-infringing use of any of the Accused Products identified in Table 6.

121.   The Accused Products as identified in Table 6 are specifically designed and/or created by BBP and/or Mayday to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

122.   On information and belief, BBP and Mayday do so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 1 of the '707 Patent.

123.   BBP and Mayday will continue to infringe the '707 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP and Mayday.

124.   The acts of infringement by BBP and Mayday have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will

continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

125.   DR is entitled to recover damages adequate to compensate for the infringement of the '707 Patent by BBP and Mayday, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

126.   The infringement of the '707 Patent by BBP and Mayday is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

<u>**COUNT VII**</u>

<u>**INFRINGEMENT OF U.S. PATENT NO. 11,920,905**</u>

127.      DR realleges and incorporates by reference, as if fully set forth herein, the allegations in paragraphs 1-126, above.

128.      BBP has directly infringed, and is still directly infringing, at least Claim 29 of the '905 Patent, literally or by the doctrine of equivalents, by making a flexible laminate comprising a plurality of sheets sewed together for use in making the Accused Products shown in Exhibit B for Claim 29 in Table 7 of Exhibit A, showing the inventive process being mapped to the resulting Accused Products.  BBP will continue to infringe at least Claim 1 of the '905 Patent unless enjoined by this Court.

129.   BBP has induced infringed, and are still inducing infringing, at least Claim 29 of the '905 Patent, literally or by the doctrine of equivalents, by making, selling, installing, using,

and/or offering to sell the Accused Products using a laminate comprising a plurality of layers made by the inventive process and/or instructing others to do so.  BBP will continue to induce infringement of at least Claim 29 of the '905 Patent unless enjoined by this Court.

130.   BBP has directly infringed, and is still directly infringing, at least Claim 29 of the '905 Patent, literally or by the doctrine of equivalents, by using a laminate comprising a plurality of layers made by the inventive process of Claim 29 to make the Accused Products.  BBP will continue to contributorily infringe at least Claim 29 of the '905 Patent unless enjoined by this Court.

131.   Table 7 of Exhibit A maps the limitations of Claim 29 to at least a subset of the Accused Products shown in Exhibit B that include a multi-layer flexible anti-ballistic lamainte that was made by the inventive method of Claim 29 of the '905 Patent.

132.   On information and belief with knowledge of the '905 Patent, as described above, BBP has induced others, including the customers of BBP and/or Mayday to directly infringe at least Claim 29 of the '905 Patent by, for example, installing and/or using any of the Accused Products identified in Table 7 that include a multi-layer flexible anti-ballistic lamainte that was made by the inventive method of the '905 patent, and/or providing technical support for doing the same.

133.   On information and belief, BBP does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 29 of the '905 Patent. BBP intends to cause infringement by its customers including Mayday.

134.   To the extent any limitation of Claim 29 of the '905 Patent is not practiced in making the Accused Products, or any subset thereof, either literally or under the doctrine of equivalents, with knowledge of the '905 Patent, as described above, BBP has contributorily infringed at least Claim 29 of the '905 Patent through the using, making, selling and/or offering to sell any of the

Accused Products identified in Table 7.  There is no substantial non-infringing use of any of the Accused Products identified in Table 7.

135.   The Accused Products as identified in Table 7 are specifically designed and/or created by BBP to be used in an infringing combination by others, such as the customers of BBP and/or Mayday.

136.   On information and belief, BBP does so with knowledge, or with willful blindness of the fact, that the induced acts constitute infringement of at least Claim 29 of the '905 Patent.

137.   BBP will continue to infringe the '905 Patent, causing immediate and irreparable harm to DR unless this Court enjoins and restrains the activities of BBP.

138.   The acts of infringement by BBP have deprived, and will continue to deprive, DR of royalties and an appropriate share sales, profits, and other related revenue that DR could have made or could enjoy in the future; has injured DR in other respects; and will continue to cause DR added injury and damage unless and until the Court enters an injunction prohibiting further infringement, and specifically enjoins further manufacture, use, offer for sale, and sale of the Accused Products.

139.   DR is entitled to recover damages adequate to compensate for the infringement of the '905 Patent by BBP, including, but not limited to, profits or a portion thereof, a reasonable royalty, including a reasonable royalty pursuant to 35 U.S.C. § 154(d), treble damages, pre- and post-judgment interest at the maximum allowable rate, costs, attorneys' fees, and other such relief this Court deems proper.

140.   The infringement of the '905 Patent by BBP is willful and justifies a trebling of damages pursuant to 35 U.S.C. § 284.  Further, this is an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Disruptive Resources, LLC respectfully requests that the Court enter judgment in its favor and against Ballistic Barrier Products Inc. and Mayday Security Solutions LLC, jointly and severally, and provide Disruptive Resources, LLC the following relief:

A. Order, adjudge, and decree that each of the Patents is valid, enforceable, and infringed by BBP and Mayday;

B. Enter a preliminary and permanent injunction against BBP and Mayday enjoining them, their directors, officers, agents, employees, successors, subsidiaries, assigns, and all persons acting in privity or in concert or participation with BBP and Mayday from making, using, selling, installing, or offering for sale in the United States, or importing into the United States (or inducing one or more third parties to do the same), any and all products and/or services embodying the patented inventions claimed in any one or more of the Patents;

C. Award DR its damages for patent infringement pursuant to 35 U.S.C. §§ 284 and 154(d), and pre- and post-judgment interest as allowed by law;

D. Order, adjudge, and decree that BBP's and Mayday's infringement of the Patents has been deliberate and willful, and award DR treble damages under 35 U.S.C. § 284;

E. Find that this case is "exceptional" under 35 U.S.C. § 285, and award DR its costs and reasonable attorney's fees as provided in 35 U.S.C. § 285; and

F. Award such other and further relief as the Court deems just and proper.

## **REQUEST FOR TRIAL BY JURY**

Plaintiff Disruptive Resources, LLC respectfully requests a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 12, 2024        **O'KELLY & O'ROURKE, LLC**

*/s/ Sean T. O'Kelly*
Sean T. O'Kelly (No. 4349)
824 N. Market Street, Suite 1001A
Wilmington, DE 19801
(302) 778-4001
sokelly@okorlaw.com

*Attorney for Plaintiff*