**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DISRUPTIVE RESOURCES LLC,<br><br>Plaintiff,<br>v.<br><br>BALLISTIC BARRIER PRODUCTS INC. and MAYDAY SECURITY SOLUTIONS LLC,<br><br>Defendants. | C.A. No. 24-321-JCG |

**DEFENDANTS' LETTER BRIEF**
**REGARDING PROTECTIVE ORDER DISPUTE**

Francis DiGiovanni (#3189)
Thatcher A. Rahmeier (#5222)
FAEGRE DRINKER BIDDLE & REATH LLP
222 Delaware Ave., Ste. 1410
Wilmington, DE 19801
(302) 467-4200
francis.digiovanni@faegredrinker.com
thatcher.rahmeier@faegredrinker.com

*Of counsel:*

Mark P. Walters
Miles Yanick
Stephen A. Merrill
LOWE GRAHAM JONES PLLC
1325 Fourth Avenue, Suite 1130
Seattle, WA 98101
(206) 381-73300
walters@lowegrahamjones.com
yanick@lowegrahamjones.com
stevem@lowegrahamjones.com

*Attorneys for Defendants*

Dated: January 5, 2026

Dear Judge Choe-Groves:

Pursuant to the Court's December 31, 2025 Oral Order (D.I. 71), Defendants Ballistic Barrier Products Inc. and Mayday Security Solutions LLC (collectively, "Ballistic") submit this letter requesting resolution of certain disputes concerning the proposed protective order. Specifically, Ballistic believes that the protective order should include an Attorneys' Eyes Only level of confidentiality ("AEO") and a prosecution bar associated with technical information designated as AEO ("Prosecution Bar"). Plaintiff Disruptive Resources, LLC ("Disruptive"), however, opposes the inclusion of any AEO and Prosecution Bar provisions in the protective order. Ballistic has set forth proposed language for AEO and Prosecution Bar provisions in its proposed Protective Order (Ex. A) at Section I.B.[1] For the reasons set forth below, Ballistic respectfully requests that the Court adopt its proposals.

## I. <u>There is good cause for the protective order to include an AEO provision.</u>

"Federal Rule of Civil Procedure 26(c) permits the District Court to enter a protective order to shield a party 'from annoyance, embarrassment, oppression, or undue burden or expense.'" *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 670–71 (3d Cir. 2019) (citing Fed. R. Civ. P. 26(c)(1)). Rule 26 contemplates a protective order that "requir[es] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Ballistic's proposed AEO provision is directed to this exact type of information: "trade secrets or other highly sensitive business or personal information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the producing party." (Ex. A, Section I.B.1.) Under Ballistic's proposed AEO provision, individual parties and the officers, directors, employees and contractors of the entity parties would not have access to such information. (*Compare* Ex. A, Section I.A.6 *with* Ex. A, Section I.B.4.) Absent an AEO provision, Ballistic would be forced to disclose to Disruptive, a direct competitor, its trade secrets and other highly sensitive business information, such as vendor lists and information, customer lists and information, product information (such as bills of materials, CAD models and drawings, internal test data, etc.), manufacturing processes, and other sensitive information.

In such situations, particularly in intellectual property litigation, AEO provisions are typical. Indeed, this Court has repeatedly invoked Rule 26 to restrict "access to a trade secret or other confidential information when there is 'an unacceptable opportunity for inadvertent disclosure.'" *Avion Pharm., LLC v. Granules Pharm., Inc.*, C.A. No. 20-898-LPS, 2021 WL 1785580, at *2 (D. Del. May 5, 2021) (quoting *U.S. Steel Corp v. United States*, 730 F.2d 1465, 1468 (Fed. Cir. 1984)); *see also Blackbird Tech LLC v. Serv. Lighting & Elec. Supplies, Inc.*, C.A. No. 15-53-RGA *et al.*, 2016 WL 2904592, at *1 (D. Del. May 18, 2016). Courts balance the "risk of inadvertent disclosure or misuse" against "the potential harm to the opposing party." *Blackbird Tech*, 2016 WL 2904592, at *2.

Here, the risk of inadvertent disclosure is particularly high because Disruptive's "in-house, non-attorney executives" are undoubtedly competitive decisionmakers and because Disruptive is a small company. *See Avion Pharmaceuticals*, 2021 WL 1785580, at *2; *see also Blackbird Tech*, 2016 WL 2904592, at *4. And the "risk of harm is heightened where, as here, the non-movant is a direct competitor of the movant in the particular market." *Avion Pharmaceuticals*, 2021 WL

[1] The proposed Prosecution Bar provision is at Section I.B.5.

1785580, at *2. Any attempt by Disruptive to argue it is not a direct competitor to Ballistic would "ring[] hollow" because bringing this patent infringement lawsuit alone establishes Disruptive and Ballistic as direct competitors. *Blackbird Tech*, 2016 WL 2904592, at *4. Thus, "there is a concrete, particularized risk of inadvertent disclosure and misuse here." *Id.* at *5.

At the same time, there is no undue burden or harm on Disruptive if an AEO provision is included in the protective order to prevent Disruptive's officers, directors, employees, and contractors from accessing Ballistic's highly sensitive business information. Indeed, Disruptive's outside counsel will have access to AEO information and "can adequately represent its interests." *Id.* at *5. "Courts have found time and again that requiring a party to rely on its competent outside counsel does not create an undue or unnecessary burden." *Id.* (quoting *ST Sales Tech Holdings, LLC v. Daimler Chrysler Co., LLC*, 2008 WL 5634214, at *8 (E.D. Tex. Mar 14, 2008)). Thus, there is no undue burden or harm on Disruptive if an AEO provision is included in the protective order.

Given the clear risk of inadvertent disclosure and misuse of Ballistic's highly sensitive business information, and the lack of any undue burden or harm on Disruptive, there is good cause for the protective order to include an AEO level of confidentiality.[2]

## II. <u>There is good cause for the protective order to include a Prosecution Bar provision.</u>

In connection with the AEO level of confidentiality, Ballistic also asks that the protective order include a Prosecution Bar, a common protection in this District in patent cases and other cases involving technological innovations. Specifically, Ballistic proposes that anyone who receives access from an opposing party "to ATTORNEYS' EYES ONLY information that is technical in nature (as opposed to only financial or business-related) and relates to ballistic barrier products or processes from an opposing party" will not be "directly involved in the substantive prosecution of patents or patent applications including new matter after the sharing of the ATTORNEYS' EYES ONLY information, and relating to the makeup and application of ballistic barrier products." (Ex. A, Section I.B.5.) This Prosecution Bar would "end two (2) years after final termination of this action." (*Id.*).

Similar to the analysis above, "[t]o determine the propriety of a prosecution bar, the Court must balance the risk of inadvertent use or disclosure of proprietary competitive information (acquired during litigation) against the 'potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice.'" *Seoul Semiconductor Co., Ltd. v. Technical Consumer Products, Inc.*, C.A. No. 24-579, 2025 WL 294970, at *1 (D. Del. Jan. 24, 2025). Each of these factors weighs in favor of a Prosecution Bar provision.

---

[2] Disruptive may oppose the inclusion of an AEO level of confidentiality because Ballistic allegedly previously disclosed its confidential information to Disruptive in other litigation. Ballistic maintains, however, that it has not disclosed its trade secrets or the highly sensitive information it would designate as AEO to Disruptive. In any event, Ballistic agrees that any information that was previously disclosed to Disruptive would not be appropriate for AEO designation and would not be entitled to such protection. As such, any disclosure of confidential information in other litigation is no reason to deny the inclusion of an AEO provision in the protective order.

This Court has found that "ongoing prosecution activities related to the patents" at issue in the litigation, "including continuation applications for several of the patents-in-suit that are currently pending at the PTO," coupled with "many of Plaintiffs' outside counsel of record [being] qualified to practice before the PTO" as presenting a heightened risk of inadvertent disclosure. *Id.* at 2. Here, these conditions are satisfied. Disruptive has multiple pending applications related to the patents at issue in this case. In addition, Disruptive's lead outside counsel of record, Michael B. Marion, is a registered patent attorney qualified to practice before the PTO and is thus "likely to be substantially engaged in patent prosecution, in any potential future patent prosecution matters." *Id*. For these reasons (in addition to those discussed above with respect to the AEO provision), there is a high risk of inadvertent disclosure.

The lack of potential harm to Disruptive also weighs in favor of a Prosecution Bar provision because, to Ballistic's knowledge, "none of [Disruptive's] outside counsel of record have represented [Disruptive] before the PTO." *Id.*; *see also Blackbird Tech*, 2016 WL 2904592, at *6 (finding "little burden" when counsel "do not currently and do not intend to engage in prosecution activity"). Even if it is unlikely for Disruptive's counsel of record "to be involved in prosecuting patents, it remains a possibility that should be foreclosed in order to protect Defendants' interests." *Blackbird Tech*, 2016 WL 2904592, at *6. Thus, there is good cause for the protective order to include a Prosecution Bar provision.

In addition, "the information designated to trigger the bar, the scope of activities prohibited by the bar, the duration of the bar, and the subject matter covered by the bar reasonably reflect the risk presented by the disclosure of proprietary competitive information." *In re Deutsche Bank Tr. Co. Americas*, 605 F.3d 1373, 1381 (Fed. Cir. 2010). Ballistic's proposed Prosecution Bar provision limits the triggering information to "information that is technical in nature" relating to ballistic barrier products or processes. (Ex. A, Section I.B.5.) Courts have found such technical information (rather than financial or business information) to be the proper trigger for the bar. *See Seoul Semiconductor*, 2025 WL 294970, at *3. Moreover, the scope of activities prohibited by the bar is in line with what courts have approved. *See id.*, at *3-*4. Finally, the duration of the bar (two years after termination of this action) and the subject matter covered by the bar (the makeup and application of ballistic barrier products) are consistent with what courts have found to be reasonable. *See Seoul Semiconductor*, 2025 WL 294970, at *3 (citing cases indicating that courts routinely hold that two-year durations are reasonable and that prosecution bars that are co-extensive with the subject matter of the asserted patents are proper in scope). Thus, Ballistic's proposed Prosecution Bar is proper in scope.

## III. <u>Conclusion</u>

For the reasons set forth above, Ballistic respectfully submits that the Court should enter Ballistic's proposed protective order, including both AEO and Prosecution Bar provisions.

Respectfully Submitted,

Francis DiGiovanni (#3189)

Encl: Exhibit A (proposed Protective Order)
cc: All counsel of record