O'KELLY & O'ROURKE, LLC

**Sean T. O'Kelly, Esq.**
**sokelly@okorlaw.com**
**Direct: (302) 778-4001**

January 5, 2026

**<u>Via eFile</u>**
The Honorable Jennifer Choe-Groves
United States Court of International Trade
One Federal Plaza
New York, NY 10278-0001

Re: *Disruptive Resources, LLC v. Ballistic Barrier Products Inc.*, C.A. No. 1:24-cv-00321-JCG
Discovery Dispute Regarding Proposed Protective Order

Dear Judge Choe-Groves:

Pursuant to Paragraph 12 of the Court's Scheduling Order (D.I. 56), Plaintiff Disruptive Resources, LLC ("Disruptive" or "Plaintiff") respectfully submits this letter requesting entry of the attached Plaintiff's proposed protective order (the "Plaintiff's PO") and denial of Defendants' competing proposed protective order ("Defendants' PO") that unnecessarily adds an "Attorneys' Eyes Only" ("AEO") tier and a sweeping patent prosecution bar without any particularized showing of need.

**A. Background**

This case is not a typical "competitors-only" patent infringement matter. Defendant Ballistic Barrier Products Inc. ("BBP") is a former licensee of Plaintiff's patents and, as Plaintiff alleges, BBP's business was launched using Plaintiff's patents and non-patent know-how furnished during the licensing relationship. This included information used to develop and commercialize the accused ballistic barrier products that BBP took for itself.

Despite that history, Defendants now demand heightened restrictions on Plaintiff's own disclosure, aimed at excluding Plaintiff's principals from meaningful access to discovery (through AEO designations) and restricting Plaintiff's ability to protect and enforce its patent rights (through an expansive prosecution bar). Defendants have asserted "trade secrets" as the justification, but they have not identified any specific trade secret category that actually requires the extraordinary relief they seek. An AEO regime would artificially separate Plaintiff from the very factual record it must prove.

Further, Defendants' asserted need for heightened protection is undermined by prior disclosures. Defendants have agreed to public filing (in the related Arizona state court proceeding) of sworn testimony addressing BBP's technical and financial information, and Defendants have also shared technical and financial information directly with Plaintiff's principals during a September 2024 mediation.

**B. Legal Standard**

Fed. R. Civ. P. 26(c)(1)(G) authorizes protective orders to guard confidential commercial information, but only upon a showing of good cause and in a manner no broader than necessary. Under Third Circuit law, the party seeking the protective order has to show "good cause," including the burden to demonstrate a "clearly defined and serious injury to the party seeking closure." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786-87 (3d Cir. 1994). Good cause is not established by "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.* at 786 (citation omitted). Instead, the burden is on the movant of justifying the confidentiality of each document sought to be covered by a protective order with specificity. *Id.* The Third Circuit established a seven-factor balancing test, including the privacy interest in the party seeking protection, and whether sharing of the information among litigants would promote fairness and efficiency. *Arnold v. Pennsylvania, Dept. of Transp.*, 477 F.3d 105, 108 (3d Cir. 2007).

**C. Defendants have not met, and cannot meet, their burden of either an AEO tier or a prosecution bar**

1. **Defendants have not shown good cause for an AEO tier**

An AEO tier is a significant restriction that impairs a party's ability to participate in its own case. If entered here, Defendants' AEO tier would prevent Plaintiff's principals from reviewing or discussing key discovery about the very products and business that Plaintiff alleges were built using Plaintiff's technology. Defendants bear the burden to demonstrate why a single-tier "CONFIDENTIAL" order is inadequate and why excluding Plaintiff's principals is necessary to prevent specific harm. Defendants have not made that showing.

Defendants' bare assertions of "trade secrets" are insufficient. Defendants' position is generalized: they contend they have "trade secrets." But they have not identified what those trade secrets are, how they differ from information already disclosed to Plaintiff's principals, or why the Plaintiff's PO would not adequately protect them. Defendants have made no showing that Defendants possess unknown, non-public "new" secret information requiring AEO. Moreover, the subject products as ballistic blinds and barriers, are tangible and mechanical in nature, which are easily reversed-engineered upon public sale. An AEO tier would prevent Plaintiff from meaningfully evaluating Defendants' "different technology" narrative, testing alleged design-arounds, and preparing for deposition and claim construction with the individuals most knowledgeable about the licensed technology and pre-license development.

2. **Prior disclosures sharply reduce any claimed need for heightened confidentiality**

Defendants' AEO request is also undermined by the fact that much of the claimed sensitive material is already public or has already been shared with Plaintiff's principals. Defendants' technical and financial information has been disclosed under oath in the related Arizona state court matter, and BBP agreed that the testimony could be filed **publicly**. Moreover, Defendants also shared technical and financial information directly with Plaintiff's principals

during a September 2024 mediation, including details such as the method of manufacturing, the machining used to create the products, and other design criteria.

Where information has already been disclosed publicly or to the receiving party's principals, it is difficult to justify excluding those principals from discovery in this case on the theory that the same information is too sensitive for them to see. If Defendants believe some narrow subset of information is truly different and truly sensitive, the proper course is to identify it, explain why it is different, and explain why a single-tier "CONFIDENTIAL" designation is insufficient.

3. **The proposed prosecution bar is overbroad and unsupported**

Defendants' proposal adds a prosecution bar triggered by access to AEO information and extending for two years after final termination of the action. The bar also uses broad subject-matter language (a "Protected Field") and lacks workable, objective boundaries as to what information triggers the bar and what activities are actually prohibited. *In re Deutsche Bank Trust Co. Americas*, 605 F.3d 1373 (2010) establishes that movant must show good cause and demonstrate that the triggering information, prohibited activities, duration, and subject matter all reasonably reflect the actual risk of inadvertent competitive use. Under *Deutsche Bank*, Defendants have failed to establish the need for a prosecution bar:

a. **No specific showing of need.** Defendants have not identified any category of discovery in this case that would create a meaningful risk of "inadvertent use" in prosecution that would justify restricting Plaintiff, Plaintiff's counsel, and any Plaintiff's expert.

b. **Overbreadth and uncertainty.** The proposed bar's subject-matter definition sweeps broadly and is not tied to an identified set of materials or a narrowly-defined set of prosecution activities. In practice, it would chill legitimate patent work without a clear line for compliance.

c. **Disproportionate prejudice.** This case involves active patent rights in an evolving space. A broad, multi-year prosecution bar materially burdens Plaintiff's ability to protect its patent position and maintain continuity of counsel—without any particularized justification from Defendants. It also burdens Plaintiff's counsel, which are smaller firms restricting future work unrelated to any demonstrated risk based on the chilling effect of the overly broad bar.

**D. Conclusion**

Plaintiff's PO provides robust confidentiality protection without the overreach of AEO and a prosecution bar. If, during discovery, Defendants identify a narrow category of information that truly warrants additional protection beyond "CONFIDENTIAL," Defendants can raise that specific issue with a specific record. But entering an AEO tier and prosecution bar now—without identified categories or a tailored justification—invites over-designation, impedes litigation efficiency, and unfairly limits Plaintiff's ability to participate in its own case.

For the foregoing reasons, Plaintiff respectfully requests that the Court enter Plaintiff's PO and deny Defendants' PO to the extent it adds an AEO tier and prosecution bar.

Respectfully submitted,

*/s/ Sean T. O'Kelly*

Sean T. O'Kelly

**OF COUNSEL**

Michael B. Marion (admitted pro hac vice)
BYCER & MARION, PLC
7220 North 16th Street, Suite H
Phoenix, Arizona 85022
(602) 944-2277
michael@bycermarion.com

Enclosure