IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **DISRUPTIVE RESOURCES, LLC,**<br><br>    Plaintiff,<br><br>v.<br><br>**BALLISTIC BARRIER PRODUCTS INC. AND MAYDAY SECURITY SOLUTIONS LLC,**<br><br>    Defendants. | Court No. 1:24-cv-00321-JCG |

## OPINION

Choe-Groves, Judge:  Before the Court is a dispute between Disruptive Resources, LLC ("Plaintiff" or "Disruptive Resources") and Ballistic Barrier Products Inc. and Mayday Security Solutions LLC (collectively, "Defendants") over terms relating to the confidentiality of information in their proposed Protective Orders.  The Parties disagree on whether an "Attorneys' Eyes Only" provision and prosecution bar should be included in the Protective Order.  See Defs.' Letter Br. Protective Order Dispute ("Defs.' Letter") (D.I. 72); Pl.'s Disc. Dispute Proposed Protective Order ("Pl.'s Letter") (D.I. 73).  The Parties each submitted letters and competing proposed Protective Orders, and the Court held a status conference on January 7, 2026.  Oral Order (D.I. 71).  For the reasons

discussed below, the Court grants in part and denies in part Defendants' requests for confidentiality and orders the Parties to file a joint proposed Protective Order on or before January 30, 2026 in accordance with the restrictions set forth in this Opinion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(c)(1), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Rule 26(c) permits protective orders "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way[.]" Fed. R. Civ. P. 26(c)(1)(G). "A party seeking a protective order carries the burden of showing good cause for its issuance." In re Deutsche Bank Tr. Co. Am. ("Deutsche Bank"), 605 F.3d 1373, 1378 (Fed. Cir. 2010) (citing Fed. R. Civ. P. 26(c); Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc., 813 F.2d 1207, 1209–10 (Fed.Cir.1987)).

Plaintiff refers to case law from the United States Court of Appeals for the Third Circuit ("Third Circuit") as the legal standard for determining the first issue of whether the Parties' principals and in-house counsel should be excluded from accessing information deemed as "Attorneys' Eyes Only." See Pl.'s Letter at 2. Defendants refer to case law from both the United States Court of Appeals for the

Federal Circuit ("CAFC") and Third Circuit in their letter describing their position. Defs.' Letter at 1–2. The CAFC generally defers to regional circuit law when the issue involves interpretation of the Federal Rules of Civil Procedure. Manildra Mill. Corp. v. Ogilvie Mills, Inc., 76 F.3d 1178, 1181–82 (Fed. Cir. 1996). However, the CAFC has also held that "Federal Circuit law applies to discovery matters if the determination implicates an issue of substantive patent law." Deutsche Bank, 605 F.3d at 1377 (citing Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc., 265 F.3d 1294, 1307–08 (Fed. Cir. 2001); In re Spalding Sports Worldwide, Inc., 203 F.3d 800, 803 (Fed. Cir. 2000)). The Third Circuit has established that the factors articulated in Pansy v. Borough of Stroudsburg[1] ("Pansy"), 23 F.3d 772 (3d Cir. 1994) are applied when reviewing "orders preserving the confidentiality of discovery materials pursuant to Federal Rule of Civil Procedure 26." In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig., 924 F.3d 662, 670 (3d Cir. 2019).

Similar to other patent cases involving protective order disputes, this Court

---

[1] The Court in Pansy established the following factors of the good cause balancing test for protective orders: (1) the interest in privacy of the party seeking protection; (2) whether the information is being sought for a legitimate purpose or an improper purpose; (3) the prevention of embarrassment, and whether that embarrassment would be particularly serious; (4) whether the information sought is important to public health and safety; (5) whether sharing of the information among litigants would promote fairness and efficiency; (6) whether the party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. Arnold v. Pa., Dep't Transp., 477 F.3d 105, 108 (citing Pansy, 23 F.3d at 787–88).

will follow CAFC case law to resolve the "Attorneys' Eyes Only" provision dispute.[2] See British Telecomms. PLC v. IAC/InterActiveCorp, 330 F.R.D. 387, 389–95 (D. Del. 2019) (applying the Deutsche Bank principles in a dispute over an "outside attorneys' eyes only" provision in a protective order); Rheault v. Halma Holdings Inc., No. 23-700-WCB, 2023 WL 8878954, at *1–4 (D. Del. Dec. 22, 2023) (finding CAFC law instructive when the case concerned whether a protective order could bar a non-attorney individual from having access to highly confidential materials); PhishMe, Inc. v. Wombat Sec. Techs., Inc., No. 16-403-LPS-CJB, 2017 WL 4138961, *n.5 (D. Del. Sept. 18, 2017) (looking to CAFC law for guidance as the Court has done before in cases involving patent disputes); R.R. Donnelley & Sons Co. v. Quark, Inc., No. CIVA 06-032 JJF, 2007 WL 61885, at *1–3 (D. Del. Jan. 4, 2007) (using CAFC law to determine whether two of Plaintiffs' in-house employees could be granted access to information designated as "attorneys' eyes only").

---

[2] The CAFC's legal standard for reviewing protective order provisions in patent cases is compatible with the facts of this case given the patent and business competitor context present between the Parties. See Amicus Therapeutics US, LLC v. Teva Pharms. USA, Inc., No. 22-1461-CJB, 2023 WL 5289440, at *1 (D. Del. Aug. 17, 2023) ("[T]he *Pansy* factors are typically used in determining whether *intentional* disclosure of certain case materials is called for (i.e., whether a confidentiality order or a redaction order should be entered to bar such materials from public disclosure, where one side *intentionally* seeks to make public the material at issue). Additionally (and relatedly), a number of the *Pansy* factors are just not that likely to be particularly relevant to the regulatory bar/protective order calculus. So for these reasons, the Court will utilize the *In re Deutsche Bank* factors here." (emphasis in original) (citation omitted)).

It is appropriate to consider CAFC law in this case because the <u>Deutsche Bank</u> principles have been applied "not only in cases involving wholesale patent prosecution bars," but "also in cases involving more limited restrictions on the activities of litigation attorneys or the access of particular attorneys to the opposing party's confidential information." <u>British Telecomms. PLC v. IAC/InterActiveCorp</u>, 330 F.R.D. at 391. The second issue in this case of whether a protective order should include a patent prosecution bar is also a matter governed by CAFC law. <u>Deutsche Bank</u>, 605 F.3d at 1378. The Court makes this determination given the "unique relationship of this issue to patent law, and the importance of establishing a uniform standard[.]" <u>Id.</u>

When determining whether a protective order should prohibit a party's principals or in-house counsel from accessing information, the CAFC explained that "the factual circumstances surrounding each individual counsel's activities, association, and relationship with a party, whether counsel be in-house or retained, must govern any concern for inadvertent or accidental disclosure." <u>U.S. Steel Corp. v. United States</u>, 730 F.2d 1465, 1468 (Fed. Cir. 1984). "[W]here in-house counsel are involved in competitive decisionmaking, it may well be that a party seeking access should be forced to retain outside counsel or be denied the access

recognized as needed."[3]  Id.  The Court must balance the risk of inadvertent or accidental disclosure against the potential harm to the opposing party from restrictions imposed on that party's right to have the benefit of counsel of its choice.  Deutsche Bank, 605 F.3d at 1380.  "In balancing these conflicting interests the district court has broad discretion to decide what degree of protection is required."  Id. (citation omitted).

## DISCUSSION

Defendants propose including an "Attorneys' Eyes Only" provision for trade secrets or highly sensitive business or personal information in their Protective Order.  Defs.' Letter at 1–2; see Defs.' Proposed Protective Order (D.I. 72-1) at 5–8.  Plaintiff argues that no good cause has been shown to warrant this heightened level of confidentiality.  See Pl.'s Letter at 1–2.  The Court agrees with Defendants that there is good cause for an "Attorneys' Eyes Only" provision.  Defendants have a significant privacy interest in seeking this proposed provision given that Plaintiff is a direct competitor.  Defs.' Letter at 1–2.  Plaintiff stated at the status conference that Disruptive Resources is run by two individuals—John Adrain and Bob Bodi—the company's founder and in-house counsel.  Conf. Trans. at 23:50–24:02, 25:44–

---

[3] The CAFC defined "competitive decisionmaking" as "shorthand for a counsel's activities, association, and relationship with a client that are such as to involve counsel's advice and participation in any or all of the client's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor."  Id. at n.3.

26:02. The factors considered in Deutsche Bank for determining the risk of inadvertent disclosure or competitive use are met in this case because the principals impacted by the potential "Attorneys' Eyes Only" provision are the company's decisionmakers. See Avion Pharms., LLC v. Granules Pharms., Inc., No. 20-898-LPS, 2021 WL 1785580, at *2 (D. Del. May 5, 2021); see also Rheault v. Halma Holdings Inc., No. 23-700-WCB, 2023 WL 8878954, at *1 n.2 (D. Del. Dec. 22, 2023). As the only competitive decisionmakers at the company, disclosure of confidential information to these principals creates a high risk of inadvertent disclosure. See R.R. Donnelley & Sons Co. v. Quark, Inc., No. CIVA 06-032 JJF, 2007 WL 61885, at *2 (D. Del. Jan. 4, 2007).

Preventing a direct competitor from accessing business sensitive information is a legitimate purpose for a protective order. Defendants stated that Disruptive Resources is a direct competitor to their business and that giving in-house engineers access to their proprietary information would be harmful. Conf. Trans. at 3:32–3:53. The proposed "Attorneys' Eyes Only" provision is aimed at protecting trade secrets and sensitive business information such as vendor and customer lists, product information, and manufacturing processes. Defs.' Letter at 1. This is the type of information outlined in Rule 26(c)(1)(G).

To promote efficiency, Defendants explained at the status conference how the "Attorneys' Eyes Only" provision would allow outside counsel immediate

access to these documents and would not require the Parties to individually object to documents and raise issues in separate protective orders. Conf. Trans. at 4:30–4:50. The "Attorneys' Eyes Only" provision would allow Plaintiff's outside counsel access to the restricted information and Defendants proposed a dispute mechanism to allow Plaintiff's counsel to contest designations. Conf. Trans. at 4:00–4:25. Plaintiff argues that the "Attorneys' Eyes Only" provision is unnecessary because Defendants previously disclosed information to Plaintiff's principals in a separate litigation in Arizona. Pl.'s Letter at 2–3. Defendants agreed that any information previously disclosed would not qualify in this case under the "Attorneys' Eyes Only" provision. Defs.' Letter at 2 n.2. The Court concludes that Defendants' concession that information previously disclosed to Plaintiff would not be entitled to the provision is an adequate solution.

Defendants' proposed "Attorneys' Eyes Only" provision seeks to limit sensitive information to outside counsel of record, experts, the Court and its personnel, and independent legal translators. Defs.' Proposed Protective Order at 6–7. Plaintiff states that restricting Plaintiff's principals from reviewing or discussing key discovery is significant and that Defendants have not shown that it is necessary to prevent a specific harm. Pl.'s Letter at 2. The Court concludes that the risk of inadvertent disclosure to Plaintiff's in-house executives is high given that Disruptive Resources is a small company of two individuals. Defs.' Letter at

1; Conf. Trans. at 25:44–26:02. The risk of inadvertent disclosure is particularly high when the company is very small. See Avion Pharms., LLC v. Granules Pharms., Inc., No. 20-898-LPS, 2021 WL 1785580, at *2 (D. Del. May 5, 2021). Plaintiff's counsel argues that this provision harms outside counsel by potentially increasing their discovery workload. Conf. Trans. at 20:42–21:00. The risk of inadvertent disclosure outweighs the potential harm to Plaintiff and its outside counsel, and the Court concludes that there is good cause to grant Defendants' request to include an "Attorneys' Eyes Only" provision in the Protective Order.

Defendants also propose a prosecution bar prohibiting any individual who receives "Attorneys' Eyes Only" information from being directly involved in patent prosecution for two years. See Defs.' Proposed Protective Order at 7–8. Defendants argue that Plaintiff's outside counsel of record, Michael B. Marion of Bycer & Marion, PLC, is a registered patent attorney and that creates a high risk of inadvertent disclosure because Disruptive Resources has multiple pending patent applications related to in-suit patents. Defs.' Letter at 3. Defendants argued at the status conference that the scope of discovery could disclose their patent prosecution strategy and process. Conf. Trans. at 6:29–6:45. Plaintiff's outside counsel stated at the status conference that he has a "two-man" operation and that he primarily handles litigation while his co-counsel, Matthew Bycer, handles patent prosecution. Conf. Trans. at 22:02–22:14. Neither of Plaintiff's outside

counsel attorneys are involved in Disruptive Resources' patent prosecution.

Whether an unacceptable opportunity for inadvertent disclosure exists must be determined on a factual counsel-by-counsel basis. Deutsche Bank, 605 F.3d at 1378. "[T]he counsel-by-counsel determination should turn on the extent to which counsel is involved in 'competitive decisionmaking' with its client." Id. (citation omitted). Neither of Plaintiff's outside counsel attorneys are involved with Disruptive Resources' patent prosecution and the record does not indicate that they are involved in Disruptive Resources' competitive decisionmaking. The harm to Plaintiff's outside counsel of a two-year patent prosecution bar of the potential scope proposed by Defendants would mean a restriction on future work opportunities and Marion stated that it would mean not involving Bycer in this case. See Pl.'s Letter at 3; Defs.' Proposed Protective Order at 7–8; Conf. Trans. at 22:57–23:10. Plaintiff argues that this prosecution bar would burden its ability to maintain continuity of counsel as well. Pl.'s Letter at 3. The Court agrees with Plaintiff that there is no good cause for such a prosecution bar on Plaintiff's outside counsel given that neither outside counsel handles Disruptive Resources' patent prosecution.

Plaintiff's counsel acknowledged at the status conference that Disruptive Resources' Bob Bodi is a principal of the company and currently prosecutes Disruptive Resources' patents. Conf. Trans. at 23:44–24:08. However, the

proposed "Attorneys' Eyes Only" provision in the Protective Order specifies that access is permitted only for "outside litigation counsel" and would sufficiently shield the information from in-house executives who create a risk of inadvertent disclosure. The Court concludes that the prosecution bar's harm to Plaintiff outweighs the risk of inadvertent disclosure to Defendants and denies Defendants' request for a prosecution bar.

## CONCLUSION

Upon consideration of the Parties' letters, proposed Protective Orders, and the status conference held on January 7, 2026, it is hereby

**ORDERED** that the request for an "Attorneys' Eyes Only" provision is granted subject to the conditions discussed above, and it is hereby

**ORDERED** that the request for a prosecution bar in the Protective Order is denied, and it is hereby

**ORDERED** that the Parties shall file a joint proposed Protective Order in accordance with this Opinion on or before January 30, 2026.

IT IS SO ORDERED this 23rd day of January, 2026.

    /s/ Jennifer Choe-Groves
    Jennifer Choe-Groves
    U.S. District Court Judge[*]

---

[*]Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.